16-1944
Allen v. Dairy Farmers of America, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand seventeen.

PRESENT:
      PETER W. HALL,
      GERARD E. LYNCH,
      CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

---

JONATHAN HAAR, on behalf of himself and all others similarly situated, CLAUDIA HAAR, on behalf of herself and all others similarly situated,

       *Plaintiffs-Appellants*,           16-1944

GARRET SITTS, on behalf of himself and all others similarly situated, VINCE NEVILLE, on behalf of himself and all others similarly situated, DONNA HALL, on behalf of herself and all others similarly situated, RICHARD SWANTAK,

       *Plaintiffs*,

STEPHEN H. TAYLOR, DANIEL J. AUBERTINE,

1

*Intervenor Plaintiffs,*

v.

ALICE H. ALLEN, on behalf of herself and all others similarly situated doing business as ALLENS FARM, LAURANCE E. ALLEN, on behalf of himself and all others similarly situated doing business as ALLENS FARM, ROBERT FULPER, PETER SOUTHWAY, MARILYN SOUTHWAY, REYNARD HUNT,

*Plaintiffs-Appellees,*

v.

DAIRY FARMERS OF AMERICA, INC., DAIRY MARKETING SERVICES, LLC,

*Defendants-Appellees,*

DEAN FOODS COMPANY, HP HOOD LLC,

*Defendants.*

---

| For Plaintiffs-Appellants: | JONATHAN HARR and JOSHUA HAAR, *pro se* (Claudia Haar, *pro se, on the brief*), West Edmeston, New York. |
|---|---|
| For Plaintiffs-Appellees: | Robert G. Abrams, Gregory J. Commins, Jr., Danyll W. Foix, Baker & Hostetler, LLP, Washington, D.C. |
| | KIT A. PIERSON, Benjamin D. Brown, Brent W. Johnson, Emmy L. Levens, Cohen Milstein Sellers & Toll, PLLC, Washington, D.C. |
| For Defendants-Appellees: | STEVEN R. KUNEY, Jonathan B. Pitt, Carl R. Metz, Williams & Connolly LLP, Washington, D.C. |

2

R. Jeffrey Behm, Ian Carleton, Sheehey Furlong & Behm, P.C., Burlington, Vermont.

W. Todd Miller, Baker & Miller PLLC, Washington, D.C.

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Jonathan and Claudia Haar, proceeding *pro se*, appeal the district court's judgment approving a settlement in this antitrust class action. The Haars were among the class representatives of one subclass and oppose the settlement, arguing primarily that class counsel colluded with the defendants, that class members have been coerced into supporting the settlement, and that the case should proceed to trial. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A class action settlement must be "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). We review a district court's "factual findings relating to a settlement agreement in a class action lawsuit under the clearly erroneous standard of review," we review *de novo* its interpretation of law, and we review its "determination that a settlement in a class action lawsuit is fair, reasonable, and adequate" for abuse of

discretion. *McReynolds v. Richards-Cantave,* 588 F.3d 790, 800 (2d Cir. 2009) (internal quotation marks and citation omitted).

Having reviewed the record and relevant case law, we find no error in the district court's decision to approve the settlement. We therefore affirm for substantially the reasons stated by the district court in its thorough June 7, 2016 decision.

We have carefully considered the objections and arguments raised by the Haars, which primarily concern the procedural fairness of the settlement. They object to what they perceive as (1) collusion between counsel for their subclass and counsel for defendants and (2) coercion of class members by defendants to express support for the settlement.

First, with respect to the claim of collusion, the objectors appear to confuse counsel's willingness to negotiate in good faith toward a settlement with collusion with defendants. The district court conducted a lengthy hearing into the objectors' challenge to their attorneys' conduct of negotiations and found that there was no evidence of impropriety. A district court's findings of fact in connection with a settlement agreement in a class action lawsuit must be accepted unless they are clearly erroneous. *McReynolds*, 588 F.3d at 800. Upon a full review of the record, we find no reason to disturb the district court's finding.

Second, with respect to the allegations of coercion, using representatives of the defendants, to whom the farms sold their milk, to solicit the letters of support for the settlement may well have been a questionable tactic. But even if the letters favoring

4

the settlement are entirely disregarded, there was clear evidence of substantial support for the settlement. The overwhelming majority of class members chose to participate in the settlement by filing a claim rather than to avail themselves of the right to opt out and continue to pursue litigation, which the settlement permitted. *See D'Amato v. Deutsche* Bank, 236 F.3d 78, 87 (2d Cir. 2011).

In any event, the support of the class members (which we believe was clearly evidenced here) is only one factor bearing on the approval of the settlement. The district court's analysis of the terms of the settlement in light of the prospects of the litigation is of even greater significance. That analysis fully persuades us that the settlement, which included substantial equitable remedies that were added following the district court's rejection of a prior settlement as insufficient, was a reasonable compromise of the case, based on experienced counsel's reasonable conclusion that the benefits of the settlement, taken against the risks of proceeding to trial, outweighed the chances of obtaining a better result by litigating the case to conclusion. *See Maywal v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995) (emphasizing the need to "compare the terms of the compromise with the likely rewards of litigation").

By their nature, settlements are compromises that do not provide either side with all that they might have hoped to obtain in litigation. We appreciate the passionate concern of the Haars and some other members of the class for the plight of dairy farmers and their families, and we understand their dissatisfaction with a settlement that does not resolve all of their grievances to their satisfaction.

Nevertheless, the settlement was approved after careful consideration by a judge who had presided over the litigation with energy, skill, and zeal to assure that the interests of the members of the plaintiff classes were protected. That approval was well within the considerable discretion accorded to district courts in reviewing class settlements. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk